IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Danielle ANTONELLI,<br><br>    Plaintiffs,<br> v.<br><br>THE DIVISION OF YOUTH AND FAMILY SERVICES and EBONY RUSSELL,<br><br>    Defendants. | Civil No. 17-5519 (RBK/KMW)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion to Dismiss of Defendants the Division of Youth and Family Services and Ebony Russell. (ECF No. 9.) Also before the Court is Plaintiff's "Petition for Writ of Habeas Corpus," seeking return of her child from Defendants. (ECF No. 12.) Because the Eleventh Amendment bars this Court from entertaining a suit against an unconsenting state actor and because 28 U.S.C. § 2254 does not confer jurisdiction on the federal courts to consider collateral challenges to state-court judgments concerning parental rights, Defendant's motion is **GRANTED** and the Court denies Plaintiff's habeas petition *sua sponte*.

I.  **THE FACTS**

Although Plaintiff's complaint is disjointed and not entirely legible, the Court construes it in the light most favorable to her.

Plaintiff Danielle Antonelli, *pro se*, has sued the Division of Youth and Family Services of Gloucester County ("DYFS") and Ebony Russell. She alleges that on July 19th, 2017, Ebony Russell from DYFS wrongfully removed her child after Antonelli called the police when she could

not find her daughter. Antonelli alleges that she was punished for being an overprotective mother, which appears to be anchored in her concerns about an allegedly abusive father, Dwayne Grant. It is not clear what occurred before or after Defendant Russell removed Antonelli's daughter from the premises, but Antonelli maintains that this caused her child to miss the first day of school and caused severe emotional distress. Antonelli also makes several references to Grant's abusiveness, but within the complaint it is not clear how this relates to the actions of DYFS and Russell.

Antonelli seeks $2,200,000 in damages for the deprivation of her constitutional rights and for her and her daughter's emotional distress. She has not sought injunctive or declaratory relief. She pleads several criminal violations not cognizable in civil litigation as well as violations of several of her constitutional rights which we construe as being brought under 42 U.S.C. § 1983, providing this Court with federal-question jurisdiction.

In a subsequent letter to the Court, which we construe as an opposition brief, Antonelli alleges that Grant presented a fraudulent document to a state court, forged the judge's signature, and presented this to the Glassboro Police. This apparently precipitated the removal of her daughter. As with the complaint, the particulars are unclear, though Antonelli avers that her daughter has been traumatized by the experience. She alleges that Russell held her daughter for ransom for personal and financial gain, though from the facts alleged it appears Russell was acting in her official capacity.

Plaintiff's habeas petition concerns essentially the same fact pattern and is addressed to Defendants. Antonelli appears to seek release of her daughter, but from whom it is unclear.

Defendants have moved for dismissal on several grounds, including for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II. THE 12(b)(1) STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). On a motion under Rule 12(b)(1), it is the plaintiff who bears the burden of establishing subject-matter jurisdiction. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). And although sovereign immunity is not strictly a matter of subject-matter jurisdiction, its jurisdictional qualities may be considered under a 12(b)(1) motion. *See, e.g.*, *Wilson v. New Jersey Dep't of Corr.*, 2017 WL 4618156, at *2-4 (D.N.J. Oct. 13, 2017) (citing *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008)).

A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. *Gould Elec.*, 220 F.3d at 176. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (citing *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993)). By contrast, "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)); *see United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A district court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

### III. DISCUSSION

#### A. Section 1983

Ordinarily, "states—and, by extension, state agencies and departments and officials when the state is the real party in interest—[are] generally immune from suit by private parties in federal court" pursuant to the Eleventh Amendment. *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). *See also Regents of the Univ. of California v. Doe*, 515 U.S. 425, 431 (1997) ("it is the entity's potential legal liability, rather than its ability or inability to require a third party to reimburse it, or to discharge the liability in the first instance[,] that is relevant."). A driving purpose of Eleventh Amendment immunity is to protect the state treasury from private parties. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

"Although the language of the Eleventh Amendment refers only to 'States,' the Supreme Court has held that the immunity extends to entities that are considered arms of the state." *Bowers v. NCAA*, 475 F.3d 524, 545 (3d Cir. 2007) (citing *Regents of the Univ. of California*, 519 U.S. at 429). "A state entity is properly characterized as an arm of the state and thus entitled to immunity from suit in a federal court under the [E]leventh [A]mendment when a judgment against it 'would have essentially the same practical consequences as a judgment against the State itself.' " *Bowers*, 475 F.3d at 546–46 (3d Cir. 2007) (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)). The Third Circuit has adopted a three-part test to determine when an entity is a state actor, examining "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has." *Fitchik*, 873 F.2d at 659.

DYFS is a state actor for purposes of sovereign immunity. Any judgment against it would come out of the state treasury, it appears to have performed a state function in removing Antonelli's daughter, and it is part of the government of the State of New Jersey. *See Garlic v. NJ Div. of Youth & Family Servs.*, 2009 WL 2634665, at *2 (D.N.J. Aug. 24, 2009) (plaintiff's argument "that DYFS is not the 'state,' but rather more comparable to a municipality which can be sued pursuant to § 1983 . . . is unsupportable"). Russell, too, appears to have been sued in her official capacity, and is likewise entitled to sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

As Defendants are entitled to sovereign immunity, we turn to the relief sought by Plaintiff. Plaintiff seeks $2,200,000 in damages, but no injunctive or declaratory relief. It is well-settled that sovereign immunity prevents federal courts from hearing suits against unconsenting states or state actors, and this immunity is subject to only three exceptions: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Hess*, 297 F.3d at 323 (citation omitted). Even on a liberal reading of Plaintiff's complaint, Congress has not abrogated immunity. Defendants have not consented. And as there is no declaratory or injunctive relief sought by Plaintiff, *Ex Parte Young*, 209 U.S. 123 (1908) cannot apply either. Plaintiff is therefore barred from bringing a suit in federal court against an unconsenting State and this Court lacks subject-matter jurisdiction to hear the matter to the extent it concerns actions taken by DFYS or Russell in their official capacities.

### B. Habeas Corpus

Plaintiff petitions this Court to issue a writ of habeas corpus as to her minor child. The Court cannot entertain such a request. The Supreme Court has held that the federal habeas statute does not confer federal-court jurisdiction over state-court judgments involuntarily terminating parental rights. *See Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 516 (1982). Although it is difficult to ascertain precisely the status of Plaintiff's minor child, to the extent Plaintiff asks this Court to intervene in state-court determinations, the Court lacks the jurisdiction to do so. Her petition is denied.

### IV. CONCLUSION

Because Plaintiff seeks damages from unconsenting state actors entitled to sovereign immunity, this action must be dismissed. Defendant's motion to dismiss is **GRANTED**. We also deny Plaintiff's habeas petition *sua sponte*. An order follows.

Dated: May 3, 2018                                              s/ Robert B. Kugler
                                                                                           ROBERT B. KUGLER
                                                                                           United States District Judge